MICHAEL J. MCKIBBIN, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLEE.

560 N.W.2d 507

Filed March 18, 1997.   No. A-96-075.

Gregory N. Lohr for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellee.

HANNON, MUES, and INBODY, Judges.

MUES, Judge.

Michael J. McKibbin appeals an order of the district court, affirming a decision of the Department of Social Services (DSS) which affirmed the initiation of an income withholding action by the authorized attorney for Dakota County, Nebraska. For the reasons set forth below, we reverse the order of the district court.

## STATEMENT OF FACTS

Linda C. and Michael J. McKibbin were divorced on January 3, 1990, in Dakota County, Nebraska. The decree provided that Michael pay child support for their two children as specified below:

  a. $250.00 per month beginning as of January 1, 1990 and continuing through December 1, 1991;

  b. $325.00 per month beginning January 1, 1992 and continuing through December 1, 1993;

  c. $375.00 per month beginning January 1, 1994 until the oldest child reaches the age of majority or becomes sooner emancipated or until further order of this court at which time said child support shall be reduced to $187.50

per month for the remaining child until that child reaches the age of majority or becomes sooner emancipated or until further order of this court.

On January 19, 1995, Eugene Kelly, the authorized attorney for Dakota County, initiated an action to withhold income and sent Michael a "Notice of Intent to Withhold Income" pursuant to Neb. Rev. Stat. §§ 43-1701 through 43-1743 (Reissue 1993 & Cum. Supp. 1994). The notice indicated that Michael owed back child support in the amount of $762.30. Michael returned the notice and indicated that he wanted to exercise his right to an administrative hearing. On March 17, a telephonic hearing was held with Robert Huston sitting as the hearing officer. Both Kelly and Michael participated by telephone. Kelly, when asked by Huston to provide background information, explained that he did not have the full file before him but advised that he would give a sketch of what was going on. He stated that he sent Michael a notice of intent to withhold income on January 19, 1995, after the clerk's office "indicated" that Michael was $762.30 in arrears in child support. He also testified that he telephoned the clerk's office the day before the hearing. The clerk's office told him that Michael had paid some of the back child support he owed and that as of March 15, 1995, Michael owed approximately $137.30 in back child support.

The following items were received into evidence at the hearing: (1) a copy of the divorce decree entered by the Dakota County District Court; (2) an affidavit of child support arrearages by the Dakota County Clerk of the District Court, showing that Michael owed $237.30 in back child support for the period from January 3, 1990, to February 28, 1995; (3) child support payment receipts provided by Michael; (4) a copy of the notice of intent to withhold income; (5) a copy of a letter Michael wrote on March 11, 1995, which included documents to substantiate his case; (6) a copy of Michael's 1989 state and federal income tax forms; and (7) a copy of the letter scheduling the March 17, 1995, hearing.

On March 30, 1995, the director of DSS issued a finding and order. The director found that Michael owed $375 per month in child support under the decree and that the records of the clerk of the district court for Dakota County reflect that a child sup-

port arrearage equal to or greater than the amount due for a 1-month period of time had accumulated. It further specifically found that the clerk's office had certified to the authorized attorney a child support arrearage in the amount of $762.30 as of January 19, 1995, and that there was currently delinquent an amount equal to or greater than the support due for a 1-month period of time. The director affirmed the action of the authorized attorney for Dakota County.

On April 20, 1995, Michael filed an appeal with the district court for Dakota County, stating that he should not be subject to income withholding, because the evidence did not show that he was delinquent in child support payments in an amount equal to or greater than the support due and payable for a 1-month period of time. Michael contended that the agency's March 30, 1995, decision was unsupported by the evidence in view of the entire record and was in excess of the statutory authority and jurisdiction of the agency.

On November 17, 1995, the district court held a hearing on the amended petition, and Michael offered into evidence his amended petition and the bill of exceptions from the March 17, 1995, administrative hearing. On January 4, 1996, the district court filed a journal entry, affirming the agency's March 30, 1995, order and finding that the director of DSS properly affirmed the initiation of an income withholding action by the authorized attorney for Dakota County. Michael timely appeals to this court.

## ASSIGNMENTS OF ERROR

Michael contends that the district court erred in affirming DSS' March 30, 1995, order, since there was no evidence that the statutory grounds for implementing an income withholding action existed, specifically, that there was no competent evidence to support the finding that Michael was delinquent regarding his child support in an amount equal to or greater than the support due and payable for a 1-month period of time.

## STANDARD OF REVIEW

When a petition instituting proceedings for review under the Administrative Procedure Act is filed in a district court on or after July 1, 1989, the review shall be conducted by

the district court without a jury de novo on the record of the agency. *Rainbolt v. State*, 250 Neb. 567, 550 N.W.2d 341 (1996); Neb. Rev. Stat. § 84-917(5)(a) (Reissue 1994). On appeal from a district court under the Administrative Procedure Act, an appellate court reviews the judgment for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Rainbolt, supra.* See Neb. Rev. Stat. § 84-918(3) (Reissue 1994). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Rainbolt, supra.*

## ANALYSIS

Section 43-1718 applies to this case, since the parties were divorced in 1990 and there is no evidence in the record that services were provided under title IV-D of the Social Security Act or that the support order at issue was issued or modified on or after September 6, 1991. Section 43-1718 provides in pertinent part:

> A support order shall constitute and shall operate as an assignment, to the clerk of the district court designated to receive the payment, of that portion of an obligor's income as will be sufficient to pay the amount ordered for child, spousal, or medical support and shall be binding on any existing or future employer or other payor of the obligor. The assignment shall take effect as provided in section 43-1718.01 or 43-1718.02 or on the date on which the payments are delinquent in an amount equal to the support due and payable for a one-month period of time, whichever is earlier.

Michael argues, inter alia, that there is no "competent evidence," brief for appellant at 1, to support income withholding, because the only evidence offered at the administrative hearing that he was delinquent in child support in an amount equal to or greater than the support due and payable for a 1-month period of time is Kelly's statement that the clerk's office "indicated" to him that Michael owed $762.30 in back child support. We agree

and find that the district court's decision is not supported by competent evidence.

Neb. Rev. Stat. § 42-358.02(2) (Reissue 1993) provides in part, "All child support payments shall become delinquent the day after they are due and owing." Neb. Rev. Stat. § 42-358(3) (Cum. Supp. 1994) requires the clerk of the district court to

maintain child support orders and delinquency records by the sums due to the court-ordered payee, except as provided in section 43-512.07, in each case docketed in which child support is fixed by order of the court. For support orders in all cases issued before September 6, 1991, and for support orders issued or modified on or after September 6, 1991, in cases in which no party has applied for services under Title IV-D of the Social Security Act, as amended, each month the clerk shall certify all cases in which the court-ordered child support or spousal support is delinquent in an amount equal to the support due and payable for a one-month period of time to the judge presiding over domestic relations cases and to the county attorney or authorized attorney. . . .

In each case certified, income withholding shall be implemented pursuant to the Income Withholding for Child Support Act.

Pursuant to § 43-1720, unless a prior notice has been sent and except where the court has ordered income withholding (neither being present in this case), the notice of income withholding is triggered by receipt of the certification from the clerk of the district court made pursuant to § 42-358. Thus, in an income withholding action, such as the one before us, a threshold requirement is that the clerk of the district court must certify that the court-ordered child support is delinquent in an amount equal to the support due and payable for a 1-month period of time and report this amount to the county attorney or authorized attorney. *Zetterman v. Zetterman*, 245 Neb. 255, 512 N.W.2d 622 (1994), illustrates the certification process. In *Zetterman,* the clerk's office executed a certificate of arrears on October 9, 1991, showing that the father owed $3,150 in back child support. After receiving such certification, the county

attorney initiated an income withholding action and filed a notice of intent to withhold income on October 18, 1991.

Pursuant to § 43-1720, Michael's request for a hearing was specifically designed to challenge a "mistake of fact" which is statutorily defined to encompass, inter alia, an error in the amount of current or overdue support as stated in the notice. Michael contends that Kelly's statement that the clerk had indicated Michael owed $762.30 in child support is hearsay and thus does not qualify as competent evidence of that fact. Surely, the statement is hearsay of the first order. However, the rules of evidence applicable in district court did not apply at the administrative hearing, since the record does not contain a request that the agency be bound by the rules of evidence. See Neb. Rev. Stat. § 84-914(1) (Reissue 1994). However, that does not end our discussion. Section 84-914(1) generally provides: "An agency may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs and exclude incompetent, irrelevant, immaterial, and unduly repetitious evidence."

As Michael argues, the *only* "evidence" that Michael ever owed $762.30 in back child support comes from Kelly's statement to the hearing officer that the clerk's office had so "indicated" that fact to Kelly. How or when this "indication" occurred is unclear. The record contains no documentary evidence that the clerk of the district court ever certified, in any form, Michael's required delinquency before Kelly initiated the income withholding action by sending Michael the notice of intent to withhold income. No child support records were offered to substantiate that Michael was ever $762.30 delinquent in child support or in any other amount equal to or greater than the support due and payable for a 1-month period of time, that is, $375. Indeed, the only documentation closely resembling a "certificate" is an affidavit of arrears from the clerk's office showing that Michael owed $237.30 in back child support from the period of January 3, 1990, through February 28, 1995, an amount clearly less than $762.30 and not equal to or greater than Michael's 1-month's child support obligation of $375. Even if documentary proof of a certification from the

clerk was deemed unnecessary, certainly a mere statement of the authorized attorney of an "indication" from the clerk of the necessary arrearage does not rise to a level of evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs. § 84-914(1).

In conclusion, we find that the record does not contain evidence possessing sufficient probative value to establish that Michael was in arrears in an amount equal to or greater than 1 month's support at any time. Proof possessing more reliability than an "indication" from a third person is necessary to establish these facts, even under the relaxed evidentiary rule of § 84-914(1). We believe that when Michael challenged the withholding process by claiming a mistake in the amount shown as owing, the authorized attorney was compelled to present a prima facie showing through competent evidence of the right to income withholding. This he failed to do. This is not an onerous burden and is one necessary to assure that the basic factual predicate to initiating such a procedure exists.

To clarify, our decision does not turn on *when* Michael may have been delinquent in an amount necessary to trigger the provisions of § 43-1718. Rather, it turns on the lack of any competent evidence to show that his child support was *ever* delinquent to the extent necessary to engage that statutory procedure.

The director's findings that (1) the records of the clerk of the district court reflect that a child support arrearage equal to or greater than 1 month's support had accumulated; (2) the clerk's office had certified to the authorized attorney an arrearage in the amount of $762.30 as of January 19, 1995; and (3) there was currently delinquent an amount equal to or greater than support due for 1 month are not supported by competent evidence in the record. The order of the district court affirming the director's order based on those findings therefore cannot stand. Thus, we must reverse, and remand to the district court with directions to order the director's income withholding action dismissed.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.