Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/13/2016 09:06 AM CDT

STATE OF NEBRASKA EX REL. MICHAEL UNGER,
SHERIFF OF THE COUNTY OF STANTON,
NEBRASKA, APPELLANT, V. STATE OF
NEBRASKA ET AL., APPELLEES.

___ N.W.2d ___

Filed May 13, 2016.    No. S-15-808.

1. **Mandamus: Words and Phrases.** Mandamus is a law action, and it is an extraordinary remedy, not a writ of right.
2. **Judgments: Appeal and Error.** In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict. An appellate court will not disturb them unless they are clearly erroneous.
3. **Mandamus.** Whether to grant a writ of mandamus is within the trial court's discretion.
4. **Mandamus: Proof.** A party seeking a writ of mandamus under Neb. Rev. Stat. § 84-712.03 (Reissue 2014) has the burden to satisfy three elements: (1) The requesting party is a citizen of the state or other person interested in the examination of the public records; (2) the document sought is a public record as defined by Neb. Rev. Stat. § 84-712.01 (Reissue 2014); and (3) the requesting party has been denied access to the public record as guaranteed by Neb. Rev. Stat. § 84-712 (Reissue 2014).
5. ____: ____. If the requesting party satisfies its prima facie claim for release of public records, the public body opposing disclosure must show by clear and convincing evidence that Neb. Rev. Stat. § 84-712.05 (Reissue 2014) or Neb. Rev. Stat. § 84-712.08 (Reissue 2014) exempts the record from disclosure.
6. **Presentence Reports.** A presentence report is not a public record.
7. **Mandamus.** A court may issue a writ of mandamus only to an inferior tribunal, corporation, board, or person.

8. **Mandamus: Default Judgments.** The issuance of a peremptory writ of mandamus because of a respondent's failure to answer the alternative writ is the equivalent of a default judgment.
9. **Default Judgments: Waiver.** A plaintiff waives the right to seek a default judgment by failing to timely exercise that right and proceeding to the merits.
10. **Appeal and Error: Words and Phrases.** Plain error is error uncomplained of at trial, plainly evident from the record, and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Vincent Valentino and Brandy Johnson for appellant.

Douglas J. Peterson, Attorney General, and Elizabeth A. Gregory for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, and KELCH, JJ.

CONNOLLY, J.

## SUMMARY

This appeal presents the issue of whether a presentence report is a public record. Michael Unger, the Stanton County Sheriff, petitioned for a public records writ of mandamus compelling the partial disclosure of an offender's presentence report containing any statements made by Dillon Fales, a victim of the offender's crime. Fales had sued Stanton County, Nebraska, for damages arising from injuries associated with the crime. Unger argued that the presentence report was a public record and that Fales' statement might be relevant to a contested issue in his civil suit. The court dismissed Unger's petition because it determined that presentence reports are privileged.[1] We likewise conclude that presentence reports are not public records because they are privileged by statute. We therefore affirm.

---

[1] See Neb. Rev. Stat. § 29-2261(6) (Cum. Supp. 2014).

## BACKGROUND

### BRYANT IRISH'S CRIMINAL CASE IN MADISON COUNTY DISTRICT COURT

In 2014, the State charged Bryant L. Irish with driving under the influence of alcohol and causing serious bodily injury under Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2014). Section 60-6,198(1) provides: "Any person who, while operating a motor vehicle in violation of section 60-6,196 or 60-6,197, proximately causes serious bodily injury to another person or an unborn child of a pregnant woman shall be guilty of a Class IIIA felony . . . ."

The court, with District Judge Mark A. Johnson presiding, convicted Irish after a bench trial. It found that Fales left a party in a pickup truck driven by Irish. A Stanton County deputy sheriff followed the pickup truck and activated the overhead lights on the deputy's cruiser. Irish missed a curve in the road and struck a culvert. Emergency responders transported Fales to a hospital because he was unable to move and had a head injury. The court determined that Irish operated a motor vehicle while under the influence of alcohol and that "such impairment by alcohol caused the motor vehicle accident which, in turn, proximately caused the serious bodily injury to his passenger . . . Fales." It ordered the probation office to prepare a presentence report for Irish's sentencing.

At Irish's sentencing hearing, his attorney told the court that he had talked with Fales and that Fales "indicated to me that [he] could have been the one driving just as well," that Fales and Irish "were both in the wrong," and that they "s[aw] each other as interchangeable in this case." Irish's attorney said that Irish and Fales were "lifelong friends and remain so through this." The court noted the comments by Irish's attorney and said, "I will also take into account that the victim in this case has indicated he does not want [Irish] to go to jail but wants [him] to get probation." The court sentenced Irish to 180 days in jail and 60 months' probation.

### TORT ACTION IN MADISON COUNTY
### DISTRICT COURT

Before the court sentenced Irish, Fales sued Stanton County under the Political Subdivisions Tort Claims Act.[2] Fales alleged that he was an innocent third party injured by the vehicular pursuit of Irish by the Stanton County Sheriff.

In an answer to an interrogatory, Fales said that he completed a "Victim Questionnaire" for use in Irish's sentencing. In response to a request to produce any documents he authored for Irish's criminal case, Fales answered: "Do not have."

Stanton County sent a "Subpoena Duces Tecum and Public Records Request" to Judge Johnson and the district probation office. The subpoenas asked Judge Johnson and the probation office to produce any victim questionnaire "included within the presentence investigation report prepared in the criminal matter of *State v. Bryant Irish*."

Judge Johnson and the probation office moved to quash the subpoenas. The record does not show the outcome of their motion to quash. But Unger states in his brief that Stanton County "withdrew" the subpoenas.[3]

### MANDAMUS ACTION IN LANCASTER COUNTY
### DISTRICT COURT

In 2015, Unger filed a "Complaint/Petition for Public Records Writ of Mandamus" in the Lancaster County District Court. The respondents are the State of Nebraska, Judge Johnson, the State of Nebraska's "District 7 Probation Office," and the State of Nebraska Office of Probation Administration. Unger alleged that Fales submitted a statement or questionnaire for use in Irish's sentencing. Unger claimed that Fales' submission might be relevant to whether Stanton County was liable to Fales in the tort action pending in the Madison County District Court.

---

[2] See Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012).

[3] Brief for appellant at 9.

Unger claimed that he was entitled to a writ of mandamus under the public records statutes.[4] The court issued an alternative writ of mandamus which directed the respondents to produce the questionnaire for the court's in camera inspection. The court further ordered the respondents to show cause why the questionnaire was not a public record. The respondents did not file a responsive pleading.

At the show cause hearing, the court received several exhibits, including the portion of Irish's presentence report consisting of Fales' questionnaire. The court held the questionnaire under seal. The respondents argued that Irish's presentence report was not a public record because a statute provides that presentence reports "shall be privileged."[5]

The court dismissed Unger's petition. It reasoned that Fales' questionnaire was part of Irish's presentence report and that presentence reports are not subject to the public records statutes.

Unger appeals from the order of the Lancaster County District Court dismissing his petition for a writ of mandamus.

ASSIGNMENTS OF ERROR

Unger assigns, restated, that the court erred by (1) determining that Irish's presentence report was not a public record, (2) failing to determine that Fales waived any privilege that attached to the presentence report, and (3) failing to enter a peremptory writ of mandamus because the respondents did not file an answer to the alternative writ of mandamus.

STANDARD OF REVIEW

[1-3] Mandamus is a law action, and we have defined it as an extraordinary remedy, not a writ of right.[6] In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict.[7] We will not disturb those findings unless they

---

[4] See Neb. Rev. Stat. § 84-712.03(1)(a) (Reissue 2014).

[5] § 29-2261(6).

[6] *Evertson v. City of Kimball*, 278 Neb. 1, 767 N.W.2d 751 (2009).

[7] *Id.*

are clearly erroneous.[8] Whether to grant a writ of mandamus is within the trial court's discretion.[9]

## ANALYSIS

### Irish's Presentence Report
### Is Not a Public Record

Unger argues that he is entitled to the portion of Irish's presentence report containing Fales' questionnaire. Neb. Rev. Stat. § 84-712(1) (Reissue 2014) empowers any citizen of this state or other interested person to examine and obtain copies of public records, "[e]xcept as otherwise expressly provided by statute . . . ." The phrase "public records" is defined by Neb. Rev. Stat. § 84-712.01(1) (Reissue 2014):

> Except when any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing.

A person denied access to a public record may file for speedy relief by a writ of mandamus under § 84-712.03.

[4,5] A party seeking a writ of mandamus under § 84-712.03 has the burden to satisfy three elements: (1) The requesting party is a citizen of the state or other person interested in the examination of the public records; (2) the document sought is a public record as defined by § 84-712.01; and (3) the requesting party has been denied access to the public record as guaranteed by § 84-712.[10] If the requesting party satisfies its prima facie claim for release of public records, the public body opposing disclosure must show by clear and convincing

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

evidence that Neb. Rev. Stat. § 84-712.05 (Reissue 2014) or Neb. Rev. Stat. § 84-712.08 (Reissue 2014) exempts the record from disclosure.[11]

The respondents argue that Irish's presentence report is not a public record because it is privileged. Section 29-2261 generally requires the preparation of a presentence report for an offender convicted of a felony other than murder in the first degree. The report may include the written statement of a victim.[12] Section 29-2261(6) provides that the resulting report is privileged:

Any presentence report or psychiatric examination shall be privileged and shall not be disclosed directly or indirectly to anyone other than a judge, probation officers to whom an offender's file is duly transferred, the probation administrator or his or her designee, or others entitled by law to receive such information . . . . The court may permit inspection of the report or examination of parts thereof by the offender or his or her attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender. The court may allow fair opportunity for an offender to provide additional information for the court's consideration.

We have stated that the first sentence in § 29-2261(6) sets forth the general rule that information in a presentence report is privileged and cannot be disclosed to anyone outside of the persons listed.[13] Even the offender has only a qualified right to review his or her own report.[14] Section 29-2261(7) and (8) then in effect states that the Department of Correctional Services, Board of Parole, Office of Parole Administration, and Supreme Court or an agent of the Supreme Court acting under the

---

[11] *Id.*

[12] § 29-2261(3).

[13] *State v. Albers*, 276 Neb. 942, 758 N.W.2d 411 (2008).

[14] *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006).

direction and supervision of the Chief Justice may access the report in some circumstances.

[6] We conclude that Irish's presentence report is not a public record. Section 84-712.01(1) states that a document is not a public record if "any other statute expressly provides that particular information or records shall not be made public . . . ." Similarly, § 84-712(1) states that persons have a right to examine public records "[e]xcept as otherwise expressly provided by statute . . . ." And § 29-2261 is a statute which expressly provides otherwise—it says presentence reports are privileged. We do not believe that the "others entitled by law to receive" a presentence report under § 29-2261(6) include anyone entitled to make a public records request, i.e., "all citizens of this state and all other persons interested in the examination of the public records."[15] If presentence reports were public records, the privilege in § 29-2261(6) would be a mirage.

Nor does Unger have an equitable entitlement to Irish's presentence report under the public records statutes. He cites § 84-712.03(2), which provides in part: "In any suit filed under this section, the court has jurisdiction to enjoin the public body from withholding records, to order the disclosure, and to grant such other equitable relief as may be proper." Similarly, Neb. Rev. Stat. § 84-712.07 (Reissue 2014) states that the statutes "pertaining to the rights of citizens to access to public records may be enforced by equitable relief." Unger seems to argue that the public records statutes give him an equitable right to nonpublic records. He cites no authority for such a rule, and we believe that equitable relief under §§ 84-712.03 and 84-712.07 must relate to a public record.

Unger also argues that he is entitled to Irish's presentence report because it was publicly disclosed in open court during the sentencing hearing in Irish's criminal case. He cites § 84-712.05, which lists exceptions to the general rule of disclosure. Section 84-712.05 begins by stating an exception

---

[15] § 84-712(1).

to the exceptions: "The following records, *unless publicly disclosed in an open court*, . . . may be withheld from the public by the lawful custodian of the records . . . ." (Emphasis supplied.) But § 84-712.05 applies only to materials which we would otherwise consider public records. Presentence reports are not, as a matter of first principles, public records.

Moreover, Irish's presentence report was not "publicly disclosed in an open court." Unger emphasizes that Irish's attorney told the court that Fales said he "could have been the one driving" and that Fales and Irish saw themselves as "interchangeable." But Irish's attorney said that he obtained this information by speaking with Fales directly. The sentencing court's comment that "the victim in this case had indicated he does not want [Irish] to go to jail" does not amount to a public disclosure of the presentence report.

Unger also contends that the privilege in § 29-2261(6) does not apply because Fales was not a "victim." First, we note that the privilege in § 29-2261(6) attaches to the presentence report, not the victim statement. Second, in convicting Irish under § 60-6,198 after a bench trial, the Madison County District Court found beyond a reasonable doubt that Fales was a "victim" as that term is defined with reference to presentence reports.[16] Unger argues that Fales was not a victim because he "expressed genuine concern for his friend . . . Irish."[17] But victims of crime do not stop being victims when they forgive the offender.

Finally, Unger argues that Fales waived the privilege in § 29-2261(6) when he purportedly tried to produce his questionnaire during discovery in the pending litigation in the Madison County District Court. In this appeal, we are tasked with deciding whether a presentence report is definitionally a

---

[16] Compare § 29-2261(4), Neb. Rev. Stat. § 29-119(2)(a) (Cum. Supp. 2014), and Neb. Rev. Stat. § 28-109(20) (Reissue 2008), with § 60-6,198(1) and (2).

[17] Brief for appellant at 13.

"public record" so as to be the subject of a public records writ of mandamus. Fales' responses to discovery requests are not germane to our inquiry.

## Judge Johnson Is Not an Inferior Officer

[7] Issuing a writ of mandamus to one of the respondents, Judge Johnson, is inappropriate for another reason: Judge Johnson is not an inferior officer. A court may issue a writ of mandamus only to an inferior tribunal, corporation, board, or person.[18] Here, Unger asked a judge of the Lancaster County District Court to issue a writ of mandamus to a judge of the Madison County District Court in the latter's capacity as "District Judge." One district court judge is not inferior to another. So even if Irish's presentence report was a public record, mandamus would not lie against Judge Johnson.

## Unger Waived the Respondents' Failure to Answer

[8] Finally, Unger argues that the court should have issued a peremptory writ of mandamus because the respondents did not file an answer. Under Neb. Rev. Stat. § 25-2162 (Reissue 2008), the parties on whom the alternative writ is served "may show cause, by answer made, in the same manner as an answer to a complaint in a civil action." The writ and the answer are the pleadings in the case and have the same effect and are subject to the same construction as the pleadings in a civil action.[19] Neb. Rev. Stat. § 25-2163 (Reissue 2008) provides in part: "If no answer be made, a peremptory mandamus must be allowed against the defendant." Issuing of a peremptory writ of mandamus because of a respondent's failure to answer the alternative writ is the equivalent of a default judgment.[20]

---

[18] See, *Mid America Agri Products v. Rowlands*, 286 Neb. 305, 835 N.W.2d 720 (2013); 52 Am. Jur. 2d *Mandamus* § 301 (2011).

[19] Neb. Rev. Stat. § 25-2164 (Reissue 2008).

[20] John P. Lenich, Nebraska Civil Procedure § 20:11 (2008).

[9] But Unger failed to seek a peremptory writ because of the respondents' default. A plaintiff waives the right to seek a default judgment by failing to timely exercise that right and proceeding to the merits.[21] Unger chose to present evidence and proceed to the merits of the mandamus action. The time for him to raise the respondents' default has passed.

[10] Unger asks us to notice the respondents' failure to file an answer as plain error. Plain error is error uncomplained of at trial, plainly evident from the record, and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[22] We conclude that the court's failure to enter a peremptory writ because of the respondents' failure to file an answer was not plain error. The respondents did not file an answer, but they did submit a brief and made arguments at the hearing on Unger's mandamus action to which Unger was able to respond. Unger does not explain how he was prejudiced by the lack of answer, much less how leaving the error uncorrected would harm the integrity, reputation, or fairness of the judicial process.

## CONCLUSION

Irish's presentence report is not a public record. The court therefore did not abuse its discretion by dismissing Unger's petition for a public records writ of mandamus. We affirm.

Affirmed.

Stacy, J., not participating.

---

[21] See, *Laurel Baye Healthcare of Macon v. Neubauer*, 315 Ga. App. 474, 726 S.E.2d 670 (2012); *Shows v. Man Engines & Components, Inc.*, 364 S.W.3d 348 (Tex. App. 2012); *Schwan v. Folden*, 708 N.W.2d 863 (N.D. 2006); *Kuykendall v. Circle, Inc.*, 539 So. 2d 1252 (La. App. 1989); *Demoski v. New*, 737 P.2d 780 (Alaska 1987); *Barber & McMurry v. Top-Flite Develop.*, 720 S.W.2d 469 (Tenn. App. 1986); *Whitehall Packing Co. v. Safeway Truck Lines*, 68 Wis. 2d 369, 228 N.W.2d 365 (1975); *Lanning v. Landgraf*, 259 Iowa 397, 143 N.W.2d 644 (1966); 49 C.J.S. *Judgments* § 276 (2009).

[22] *Blaser v. County of Madison*, 285 Neb. 290, 826 N.W.2d 554 (2013).