Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/10/2017 09:08 AM CST

MEDICINE CREEK LLC, APPELLEE
AND CROSS-APPELLANT, V.
MIDDLE REPUBLICAN NATURAL
RESOURCES DISTRICT, APPELLANT
AND CROSS-APPELLEE.

___ N.W.2d ___

Filed March 10, 2017.    No. S-16-209.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Natural Resources Districts: Political Subdivisions: Legislature.** A natural resources district, as a political subdivision, has only that power delegated to it by the Legislature, and a grant of power to a political subdivision is strictly construed.

4. **Natural Resources Districts.** A natural resources district possesses and can exercise the following powers and no others: first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; and third, those essential to the declared objects and purposes of the district—not simply convenient, but indispensable.

5. **Administrative Law.** When a board or tribunal is required to conduct a hearing and receive evidence, it exercises judicial functions in determining questions of fact.

6. **Administrative Law: Waters: Natural Resources Districts: Appeal and Error.** Any person aggrieved by an order of a natural resources district issued pursuant to the Nebraska Ground Water Management and Protection Act may appeal the order, and the appeal shall be in accordance with the Administrative Procedure Act.

7. **Administrative Law: Final Orders: Courts: Appeal and Error.** In reviewing final administrative orders under the Administrative Procedure Act, the district court functions not as a trial court but as an intermediate court of appeals.

8. **Administrative Law: Appeal and Error.** In a review de novo on the record, the district court is not limited to a review subject to the narrow criteria found in Neb. Rev. Stat. § 84-917(6)(a) (Reissue 2014), but is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue.

9. **Administrative Law: Evidence: Judicial Notice: Appeal and Error.** The Administrative Procedure Act does not authorize a district court reviewing the decision of an administrative agency to receive additional evidence, whether by judicial notice or other means.

10. **Appeal and Error: Words and Phrases.** Plain error is error uncomplained of at trial, plainly evident from the record, and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

11. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Frontier County: DAVID URBOM, Judge. Reversed and remanded for further proceedings.

Jon S. Schroeder, of Schroeder & Schroeder, P.C., for appellant.

Stephen D. Mossman, of Mattson Ricketts Law Firm, for appellee.

Donald G. Blankenau, of Blankenau, Wilmoth & Jarecke, L.L.P., for amicus curiae Nebraska Groundwater Coalition.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

The Middle Republican Natural Resources District (MRNRD) denied a landowner's request for a variance to drill a new well. Upon the landowner's appeal, the district court reversed MRNRD's decision. Because the district court committed plain error by applying the wrong standard of review, we reverse, and remand for reconsideration under the proper standard.

## BACKGROUND

Medicine Creek LLC, a Nebraska limited liability company, filed a request for a variance from MRNRD's moratorium on new well drilling. MRNRD denied the variance but stated that Medicine Creek "may request a [sic] adjudicatory hearing to appeal this decision." Medicine Creek did so, and a hearing officer presided over a hearing during which three individuals testified and numerous exhibits were received. Following the presentation of evidence, MRNRD's Board of Directors (Board) voted to deny the variance.

Medicine Creek filed a complaint with the district court for Frontier County. It sought judicial review pursuant to Neb. Rev. Stat. § 46-750 (Reissue 2010) and the Administrative Procedure Act (APA). Medicine Creek alleged that the Board improperly denied its variance request based on a rule applicable to transfers. Medicine Creek also requested declaratory and injunctive relief based on its allegation that two of MRNRD's rules violated its equal protection and due process rights.

The district court conducted a bench trial, during which it received the record from MRNRD's hearing. It also received 100 additional exhibits and heard testimony from the three individuals who testified before the Board. The court determined that MRNRD's rules and regulations as applied to Medicine Creek's request did not violate Medicine Creek's equal protection and due process rights. It found that

MRNRD's decision "was not supported by the evidence, does not conform to the law and was therefore arbitrary." The court reversed the decision denying the variance and directed MRNRD to grant the variance.

MRNRD filed a timely appeal, and Medicine Creek filed a cross-appeal. We moved the case to our docket.[1]

## ASSIGNMENTS OF ERROR

MRNRD assigns that the district court erred in holding that its decision to deny Medicine Creek's request for a variance was not supported by the evidence, did not conform to the law, and was arbitrary.

On cross-appeal, Medicine Creek assigns that in the event we reverse the decision of the district court, the court erred in (1) not finding that the application of MRNRD's rules and regulations violated Medicine Creek's equal protection and due process rights, (2) not finding that the rules and regulations were facially unconstitutional, and (3) not issuing declaratory and injunctive relief against the unconstitutional rules and regulations.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

[2] A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[3]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[2] *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, ___ N.W.2d ___ (2017).

[3] *Lingenfelter v. Lower Elkhorn NRD*, 294 Neb. 46, 881 N.W.2d 892 (2016).

## ANALYSIS

### Jurisdiction

In an amicus curiae brief, the Nebraska Groundwater Coalition asserts that the district court lacked jurisdiction for two reasons. We find no merit to either argument.

First, the amicus argues that Medicine Creek lacked standing. The amicus asserted that the Nebraska Secretary of State's website showed Medicine Creek's corporate status as inactive at the time of trial. This is not in our record. There is nothing in the record showing that Medicine Creek was ever dissolved or otherwise lacked a legally cognizable interest in the outcome of this litigation.

Second, the amicus asserts that denial of a variance request is not subject to judicial review. This follows, it argues, because the Legislature has not authorized natural resources districts to conduct adjudicative proceedings regarding requests for variances. The amicus contends that although § 46-750 provides that "[a]ny person aggrieved by any order of the district . . . may appeal the order," an order denying a variance request is ministerial or legislative in nature and not appealable.

[3,4] A natural resources district, as a political subdivision, has only that power delegated to it by the Legislature, and a grant of power to a political subdivision is strictly construed.[4] A natural resources district possesses and can exercise the following powers and no others: first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; and third, those essential to the declared objects and purposes of the district—not simply convenient, but indispensable.[5]

A statute addresses some of the powers of a natural resources district.[6] The Legislature authorized a natural resources district

---

[4] *Wagoner v. Central Platte Nat. Resources Dist.*, 247 Neb. 233, 526 N.W.2d 422 (1995).

[5] *Id.*

[6] See Neb. Rev. Stat. § 46-707 (Cum. Supp. 2016).

to "[a]dopt and promulgate rules and regulations necessary to discharge the administrative duties assigned in the [Nebraska Ground Water Management and Protection Act]."[7] Among the rules and regulations adopted by MRNRD was a rule stating that requests for a variance would be acted upon at a formal adjudicatory hearing. The same rule dictated that this hearing would be advertised in the legal newspaper of the district. And another section of the same statute provides in part that

> a district may assess a fee against a person requesting a variance to cover the administrative cost of *consideration of the variance*, including, but not limited to, costs of copying records and the *cost of publishing a notice in a legal newspaper of general circulation in the county or counties of the district, radio announcements, or other means of communication* deemed necessary in the area where the property is located.[8]

By authorizing published notice, the Legislature contemplated a public hearing on a request for a variance.

[5] In holding a hearing and receiving evidence, the Board acted in a judicial manner. In cases where we have considered if an administrative decision was made in the exercise of "judicial" functions such that it was reviewable by petition in error, we stated that "a board, tribunal, or officer exercises a judicial function 'if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner.'"[9] We defined adjudicative facts as those "'which relate to a specific party and are adduced from formal proof.'"[10] We have also stated that when a board or tribunal is required to conduct a hearing and receive evidence, it exercises "judicial functions" in determining questions of fact.[11] Here, the Board acted in a judicial

---

[7] § 46-707(1)(a).

[8] § 46-707(3) (emphasis supplied).

[9] *Kocontes v. McQuaid*, 279 Neb. 335, 348, 778 N.W.2d 410, 421 (2010).

[10] *Id.* at 348-49, 778 N.W.2d at 421.

[11] *McNally v. City of Omaha*, 273 Neb. 558, 731 N.W.2d 573 (2007).

manner when it considered Medicine Creek's request for a variance. It held a hearing and received formal proof regarding the merits of the request. We conclude that the order denying Medicine Creek's request for a variance was judicial in nature and was appealable to the district court.

## DISTRICT COURT'S
### STANDARD OF REVIEW

[6] The district court initially stated the correct standard for its review under § 46-750 and the APA. It correctly recognized that any person aggrieved by an order of a natural resources district issued pursuant to the Nebraska Ground Water Management and Protection Act[12] may appeal the order and that the appeal shall be in accordance with the APA.[13] And it properly recited an APA statute stating that "the review shall be conducted by the court without a jury de novo on the record of the agency."[14]

But the district court veered to the wrong standard when it analyzed our decision in *Wagoner v. Central Platte Nat. Resources Dist.*[15] The district court read *Wagoner* as requiring it to review MRNRD's decision for errors appearing on the record. And at oral argument, Medicine Creek argued this same interpretation. They misread *Wagoner*.

*Wagoner* set forth the same two standards that we have long applied in APA reviews. An appeal from the district court looks for errors appearing on the record.[16] That standard applies to our review of the district court's order. But the district court reviews a natural resources district's decision de novo on the record of the natural resources district.[17]

---

[12] Neb. Rev. Stat. §§ 46-701 to 46-756 (Reissue 2010 & Cum. Supp. 2016).

[13] See § 46-750.

[14] Neb. Rev. Stat. § 84-917(5)(a) (Reissue 2014).

[15] *Wagoner v. Central Platte Nat. Resources Dist., supra* note 4.

[16] See *id*.

[17] See *id*.

And in this case, the district court clearly applied the wrong standard. The court found that MRNRD's decision "was not supported by the evidence, does not conform to the law and was therefore arbitrary." This articulated the standard for errors appearing on the record rather than the de novo standard. In doing so, the court erroneously limited its review.

[7-9] The district court was required to conduct a de novo review on the record of MRNRD. In reviewing final administrative orders under the APA, the district court functions not as a trial court but as an intermediate court of appeals.[18] In a review de novo on the record, the district court is not limited to a review subject to the narrow criteria found in § 84-917(6)(a), but is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue.[19] And the APA does not authorize a district court reviewing the decision of an administrative agency to receive additional evidence, whether by judicial notice or other means.[20]

[10] The use of an incorrect standard of review in this situation is plain error and requires us to remand the cause to the district court. Plain error is error uncomplained of at trial, plainly evident from the record, and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[21] A trial court's use of the wrong standard affects our review:

"It is a logical impossibility for this court to review the district court judgment for errors appearing on the record if the district court incorrectly limited its review

---

[18] *Timmerman v. Neth*, 276 Neb. 585, 755 N.W.2d 798 (2008).

[19] *Schwarting v. Nebraska Liq. Cont. Comm.*, 271 Neb. 346, 711 N.W.2d 556 (2006).

[20] *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

[21] *State ex rel. Unger v. State*, 293 Neb. 549, 878 N.W.2d 540 (2016).

and, thus, failed to make factual determinations, as it must under a de novo on the record review. The district court's and this court's standards of review are interdependent."[22] Many years ago in nearly identical circumstances, we held that a district court's application of the former limited standard of review constituted plain error and required that the cause be remanded to the district court for a de novo review of the record.[23] We follow the same course here.

[11] Because we must remand the cause for a new review by the district court under the correct standard, we need not reach Medicine Creek's cross-appeal. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[24] Upon remand, the district court should address Medicine Creek's constitutional claim to the extent necessary in light of its disposition of the APA review.

## CONCLUSION

We note plain error in the district court's application of the wrong standard of review. We therefore reverse the court's order and remand the cause to the district court for a de novo review of MRNRD's record.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[22] *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 460, 558 N.W.2d 303, 305 (1997), quoting *Bell Fed. Credit Union v. Christianson*, 237 Neb. 519, 466 N.W.2d 546 (1991).

[23] See *Law Offices of Ronald J. Palagi v. Dolan, supra* note 22.

[24] *Adair Asset Mgmt. v. Terry's Legacy*, 293 Neb. 32, 875 N.W.2d 421 (2016).