Papik, J., concurring.
This court concludes that LLNRD had the authority to require the submission of actual crop yield data in at least partial reliance on the principle that courts are to afford deference to an agency's interpretation of its own regulations unless plainly erroneous or inconsistent. We have cited and applied this principle on many occasions over the last several decades. See, e.g., Melanie M. v. Winterer , 290 Neb. 764, 862 N.W.2d 76 (2015) ; Kosmicki v. State , 264 Neb. 887, 652 N.W.2d 883 (2002) ; Wagoner v. Central Platte Nat. Resources Dist. , 247 Neb. 233, 526 N.W.2d 422 (1995) ; Department of Banking, Receiver v. Wilken , 217 Neb. 796, 352 N.W.2d 145 (1984).
But while we have precedent for the principle that courts defer to an agency's interpretation of its own regulations, I am not sure that precedent rests on stable ground. The principle appears to have entered our jurisprudence in Wilken, supra . In that case, we cited a case from the Eighth Circuit holding that an agency is entitled to deference when interpreting its own regulations. Id. , citing Columbus Community Hospital, Inc. v. Califano , 614 F.2d 181 (8th Cir. 1980). That Eighth Circuit case, in turn, cited Bowles v. Seminole Rock Co. , 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945), a U.S. Supreme Court case which stated that the administrative interpretation **42 of a regulation has "controlling weight unless it is plainly erroneous or inconsistent with the regulation." The Court in Seminole Rock Co. did not offer an explanation as to why the agency would be entitled to deference in those circumstances. See Decker v. Northwest Environmental Defense Center , 568 U.S. 597, 617, 133 S.Ct. 1326, 185 L.Ed.2d 447 (2013) (Scalia, J., concurring in part and in part dissenting) (observing that *400 Seminole Rock Co. "offered no justification whatever"). Even so, the U.S. Supreme Court reaffirmed this principle decades later in Auer v. Robbins , 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997).
In recent years, however, the principle recognized in Seminole Rock Co., supra , and reaffirmed in Auer, supra , has been called into question. It has been criticized for lacking a coherent rationale, see Perez v. Mortgage Bankers Ass'n , --- U.S. ----, 135 S.Ct. 1199, 191 L.Ed.2d 186 (2015) (Thomas, J., concurring in judgment); for incentivizing the promulgation of vague regulations, see Decker, supra (Scalia, J., concurring in part and in part dissenting), and for violating the separation of powers, Perez, supra (Thomas, J., concurring in judgment). See, also, John F. Manning, Constitutional Structure and Judicial Deference to Agency Interpretations of Agency Rules , 96 Colum. L. Rev. 612 (1996).
The criticism leveled at Seminole Rock Co., supra , and Auer, supra , by multiple justices of the U.S. Supreme Court (including the author of Auer ) had led some to speculate that " Auer may not be long for this world." Bible v. United Student Aid Funds, Inc. , 807 F.3d 839, 841 (7th Cir. 2015) (Easterbrook, Circuit Judge, concurring in denial of rehearing en banc). See, also, Turtle Island Restoration Network v. US DOC , 878 F.3d 725, 742 n.1 (9th Cir. 2017) (Callahan, Circuit Judge, dissenting in part) (" Auer's continued vitality is a matter of considerable debate"). Such speculation may prove to be prescient, as the U.S. Supreme Court very recently granted certiorari on the question of whether Auer and Seminole Rock Co. should be overturned. See **43 Kisor v. Shulkin , 869 F.3d 1360 (Fed. Cir. 2017), cert. granted in part sub nom. Kisor v. Wilkie , --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ----, 2018 WL 6439837 (2018).
We thus appear to have adopted the principle that courts are to defer to agencies' interpretations of their own regulations by decades ago uncritically adopting a dubious proposition of federal law that itself may not stand the test of time. While that seems reason enough for reconsideration of the principle in the appropriate case, I believe there is an additional reason to do so: The principle also seems to be in tension, if not at outright odds, with Nebraska's version of the Administrative Procedure Act (APA).
In this case, and many others like it, Nebraska courts are called on to review the decisions of administrative agencies under the authority granted by the APA. The APA, however, provides that the review is to be conducted by the court "without a jury de novo on the record of the agency." Neb. Rev. Stat. § 84-917(5)(a) (Reissue 2014). This standard has been interpreted to require district courts to make independent determinations of both factual and legal issues. See Medicine Creek v. Middle Republican NRD , 296 Neb. 1, 892 N.W.2d 74 (2017). But if the APA directs district courts to independently decide factual and legal questions without deferring to the agency, on what basis can courts defer to the agency's interpretation of its own regulations? In my view, the lack of an obvious answer to that question is yet another reason why we should reconsider whether deference is owed to agencies' interpretations of their own regulations.
With all that said, the parties have not asked us to reconsider our precedent in this case. Without the aid of argument from the parties, I do not believe such reconsideration is appropriate here. Therefore, I concur in this court's decision in all respects. For the reasons expressed above, however, I would be open to reconsidering in a future case whether courts owe deference *401 to agencies' interpretations of their own regulations.