Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/31/2020 08:09 AM CDT

NEBRASKA MEDICAL CENTER, APPELLANT, V.
STATE OF NEBRASKA DEPARTMENT OF
HEALTH AND HUMAN SERVICES
ET AL., APPELLEES.

___ N.W.2d ___

Filed March 24, 2020.    No. A-19-122.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments: Appeal and Error.** An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings.
4. **Administrative Law: Appeal and Error.** In an appeal under provisions of the Administrative Procedure Act governing proceedings for review, a district court conducts a de novo review of the record of the agency.
5. ____: ____. In a review de novo on the record, the district court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Reversed and remanded with directions.

Steven D. Davidson, of Baird Holm, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, Ryan C. Gilbride, James D. Smith, and, on brief, David A. Lopez, Deputy Solicitor General, for appellees.

Moore, Chief Judge, and Bishop and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Nebraska Medical Center (NMC) appeals from the order of the district court for Lancaster County affirming the decision of the Nebraska Department of Health and Human Services (DHHS) to recover the full amount of Medicaid payments made to NMC following postpayment review of a Medicaid claim. Based on the reasons that follow, we reverse, and remand with directions.

## BACKGROUND

NMC provided medical services to a Medicaid patient suffering from congestive heart failure for a 6-month period spanning from February 7 through August 7, 2017. In treating that patient, NMC billed $870,992.14 for its services, which amount was paid by Medicaid.

Telligen, Inc., reviews Nebraska Medicaid providers' service claims for cost, quality, and utilization. See 471 Neb. Admin. Code, ch. 2, § 2-001.03 (2015). According to a letter provided by Telligen to DHHS, a request was made on November 8, 2017, wherein NMC was asked to submit medical records demonstrating its treatment of the Medicaid patient with congestive heart failure. Telligen sent NMC another letter dated December 11, 2017, which stated that it was Telligen's third request for the patient's medical records. Telligen noted that the claim "will be" technically denied because Telligen had not yet received the requested documentation. However, the letter also provided that the denial would not become final if the requested records were provided within 20 days. According to the letter, if the denial became final, Telligen would send it to DHHS for further action. According to Telligen, the requested

- 136 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

records were not received. NMC acknowledges receipt of this letter but states that it did not receive either of the prior two notices allegedly sent by Telligen. NMC further alleges that it responded on December 28 by sending a data storage device referred to as a "thumb drive" containing 25,000 pages of records to Telligen. The thumb drive was sent by regular mail, and NMC has no record that the package was returned by the post office.

On April 18, 2018, DHHS program specialist Tara Neeman requested that the "Medicaid Claims Unit" take the necessary actions to recover funds from NMC for the claim following its retrospective review. The reason given was that NMC had "[c]hosen to not respond to a request for information from Telligen concerning a Post-Payment Review" pursuant to 471 Neb. Admin. Code, ch. 3, § 3-002.03 (2008).

DHHS advised NMC in a letter dated June 1, 2018, that a postpayment review had been completed on unpaid refunds owed to Medicaid and requested that NMC fulfill its refund request. On June 22, NMC requested an administrative hearing to prevent the refund. NMC stated that it had received a request for medical records from Telligen on December 23, 2017, and had complied by sending a thumb drive with 25,000 pages of records to Telligen on December 28. Thus, NMC requested a hearing to prevent a refund of the $870,992.14 that Medicaid had previously paid.

On July 31, 2018, an administrative hearing was held. Neeman testified on behalf of DHHS and stated that Telligen sent requests for medical records to NMC on November 8 and December 11, 2017. She stated that according to Telligen, they never received any records or the thumb drive containing records. Wendy Hanson testified on behalf of NMC and stated that NMC sent a thumb drive containing 25,000 pages of medical records on December 28. She stated the December request was the first request from Telligen that NMC had a record of receiving. She further testified that a printout from their computer system showed staff notes which memorialized the

- 137 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

thumb drive's mailing on December 28. A copy of the screen shot of NMC's computer record was received into evidence. That record indicates that the records were actually sent to Telligen on December 23 by regular mail. Hanson closed by asking for the opportunity for a review of the records to be completed by DHHS, because NMC had already made a good faith effort to supply the records and because over $870,000 was at stake.

On August 6, 2018, the hearing officer recommended that the recoupment action of DHHS be affirmed. On August 8, DHHS' director of Medicaid and long-term care adopted the hearing officer's recommendations and affirmed DHHS' recoupment action. In so doing, the director found that Telligen did not receive the records allegedly submitted by NMC. Because the records were not received, the director found that NMC had failed to comply with the postpayment review as required.

NMC filed a petition for review in the district court for Lancaster County on September 4, 2018. NMC alleged that the record showed that it timely responded to Telligen's request for information concerning its postpayment review of a Medicaid claim and further alleged that the record contained no evidence from which the director could have concluded otherwise. NMC requested that the district court reverse the director's order and remand the matter with directions that DHHS withdraw its refund request and that Telligen undertake an ordinary postpayment review of the merits with the records supplied.

On November 19, 2018, the district court held a hearing on the appeal. It entered an order on January 15, 2019, affirming the director's decision. The district court evaluated NMC's argument that it submitted to Telligen "25,000 pages of electronic copies of [medical] records by regular mail" and Telligen's argument that it never received any records from NMC. The court found that NMC had failed to meet its burden in establishing that it complied with Telligen's request. The

- 138 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

district court found that it could not consider NMC's argument that the regulations do not allow for complete recoupment of Medicaid payments based on a failure to provide records for postpayment review because NMC failed to adequately raise this issue in its petition for judicial review or in the administrative hearing below. Thus, the district court affirmed DHHS' recoupment decision.

NMC now appeals to this court.

## ASSIGNMENTS OF ERROR

NMC assigns that the district court erred in finding that NMC had not complied with the request for medical records, in refusing to consider and not concluding that DHHS imposed a remedy not permitted by its regulatory authority, and not remanding the matter back to DHHS with directions that it withdraw its refund request and proceed with postpayment review of the claim on its merits.

## STANDARD OF REVIEW

[1-3] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Tran v. State*, 303 Neb. 1, 926 N.W.2d 641 (2019). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Tran v. State, supra*. An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id*.

## ANALYSIS

NMC first argues that it proved by the greater weight of the evidence that NMC complied with Telligen's request for medical records. In reply, DHHS and its director argue that NMC's

- 139 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

argument is based on the wrong standard of review and that competent evidence supports the district court's decision.

[4,5] In an appeal under provisions of the Administrative Procedure Act governing proceedings for review, a district court conducts a de novo review of the record of the agency. See, Neb. Rev. Stat. § 84-917(5)(a) (Reissue 2014); *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005). In a review de novo on the record, the district court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue. See *Medicine Creek v. Middle Republican NRD*, 296 Neb. 1, 892 N.W.2d 74 (2017).

In the present case, the district court reviewed the record and made independent factual determinations and independent conclusions with respect to the medical records issue:

> At the hearing, Hanson testified that NMC sent a thumb drive to Telligen with over 25,000 pages of records by regular mail on December 28, 2017. While NMC submitted a screen shot from its electronic medical record management system purportedly showing that the records were placed on a thumb drive and mailed to Telligen, *this evidence does not establish that NMC furnished the records.* In fact, there is contrary evidence reflecting that Telligen did not receive any record or a thumb drive. Accordingly, the Court finds that NMC failed to meet its burden of establishing that it complied with Telligen's request in a timely manner.

(Emphasis supplied.)

Under our standard of review, we are precluded from now supplanting our own factual determinations and conclusions for those of the district court. An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Tran v. State, supra*. We are tasked with determining whether the

- 140 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

decision is supported by *competent* evidence. In this case, we find that there is no competent evidence supporting the district court's finding.

At the administrative hearing, DHHS supplied copies of two letters from Telligen addressed to NMC in November and December 2017 which requested the production of medical records in order to complete its review of the $870,992.14 claim that NMC billed for treatment of the Medicaid patient. Neeman testified that she initiated an action in April 2018 to recoup funds from NMC because NMC had "[c]hosen to not respond to a request for information from Telligen concerning a Post-Payment Review." Neeman testified that "Telligen" had reported that no medical records had been received from NMC.

We note that the primary focus of NMC's argument is that Telligen's statement to Neeman is not competent in that it constitutes hearsay. DHHS and its director argue and the district court noted that no hearsay objection was interposed by NMC to this evidence. In addition, DHHS and its director accurately note that NMC did not request that the rules of evidence apply to the administrative hearing. See, Neb. Rev. Stat. § 84-914(1) (Reissue 2014); 465 Neb. Admin. Code, ch. 6, § 6-007.05B (1995). As such the director and the district court were entitled to consider the hearsay statement and determine the weight that should be accorded to it. The district court ultimately gave great weight to Neeman's hearsay testimony of Telligen's report.

Our analysis is influenced by our opinion in *McKibbin v. State*, 5 Neb. App. 570, 560 N.W.2d 507 (1997). In *McKibbin*, the State initiated an action to withhold income from the wages of Michael McKibbin based on his owing back child support. At that time, in order to withhold income directly from a person's wages, the arrears had to be equal to or greater than 1 month's child support obligation. After receiving a "'Notice of Intent to Withhold Income'" with a stated amount of $762.30 in back child support owed, McKibbin returned the

- 141 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

notice indicating he wanted to exercise his right to an administrative hearing. *Id.* at 572, 560 N.W.2d at 509. At that time, McKibbin's monthly child support obligation was $375. At the administrative hearing, a number of documents were received into evidence demonstrating McKibbin's obligation and payments that had been received. However, the only evidence adduced which substantiated that McKibbin at some point had an arrearage in excess of his monthly obligation was the testimony of the authorized attorney who filed the withholding action. That attorney testified that he sent McKibbin the notice of intent to withhold income after the clerk's office "indicated" that McKibbin was $762.30 in arrears. *Id.* The director of the Department of Social Services affirmed the action of the authorized attorney, and the district court affirmed the initiation of income withholding.

On appeal in *McKibbin*, we reversed. In so doing, we noted that the testimony regarding the clerk's "'indication'" was surely hearsay, but we also recognized that the rules of evidence had not been invoked and did not apply to the administrative hearing. *Id.* at 577, 560 N.W.2d at 511. However, we noted that even though the rules of evidence did not apply, § 84-914(1) did. Section 84-914(1) provides in part: "An agency may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs and exclude incompetent, irrelevant, immaterial, and unduly repetitious evidence." We found that the indication of the arrearage by someone in the clerk's office to the authorized attorney did not rise to a level of evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs. We noted that there was no evidence as to how or when the "'indication'" occurred and that no documented or certified evidence of an arrearage exceeding the monthly obligation was received. *McKibbin*, 5 Neb. App. at 577, 560 N.W.2d at 511. The Nebraska Supreme Court utilized a similar

- 142 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

analysis in *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006).

The evidence in the present case is similarly flawed. The only evidence produced at the hearing supporting a finding that Telligen did not receive the records from NMC was from Neeman, an employee of DHHS. She testified that "Telligen" told her it did not receive the records. This too was a hearsay statement. Even though the rules of evidence did not apply at the administrative hearing, we must nonetheless analyze whether Neeman's statement rises to a level of evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs. Neeman provided no letters, affidavits, or other documents from a representative of Telligen which corroborate that the medical records were not received. Neeman's testimony does not state how, when, or from whom she received her information. Her testimony at best tells us that at some point, someone from Telligen told her that Telligen had received no medical records from NMC.

In contrast, Hanson who is an employee of NMC, testified that NMC had timely responded to the December 2017 request for medical records by mailing a thumb drive containing 25,000 pages of records to Telligen. She further provided a screenshot from NMC's computerized record of outgoing mail that states the thumb drive was mailed to Telligen on December 23, well within the 20-day request. On these facts, we cannot find that competent evidence existed to support the director's finding. The bare statement of Neeman that an unnamed person at Telligen at some unidentified time told her Telligen had not received the medical records does not rise to a level of evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs as required by § 84-914(1). Therefore, we find that the decision of the director was not based on competent evidence and we must reverse the order of the district court.

- 143 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
NEBRASKA MED. CTR. v. STATE
Cite as 28 Neb. App. 134

## CONCLUSION

The director's finding that NMC did not submit the requested medical records to Telligen are not supported by competent evidence in the record. The order of the district court affirming the director's finding therefore cannot stand. Thus, we reverse the judgment and remand the cause to the district court with directions to order the director to withdraw the refund request of DHHS and proceed with a postpayment review of NMC's claim.

Reversed and remanded with directions.